UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN K. R., an Individual,<br><br>            Plaintiff,<br><br>            v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>            Defendant. | Case No.: 2:18-09464 ADS<br><br>MEMORANDUM OPINION AND ORDER |

## I. **INTRODUCTION**

Plaintiff Colin K. R.[1] ("Plaintiff") challenges the Defendant Andrew M. Saul[2], Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] The Complaint, and thus the docket caption, do not name the Commissioner. The parties list Nancy A. Berryhill as the Acting Commissioner in the Joint Submission. On June 17, 2019, Saul became the Commissioner of Social Security. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

of his application for a period of disability and disability insurance benefits ("DIB"). Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of his treating physician. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II. PROCEEDINGS BELOW

### A. Procedural History

Plaintiff protectively filed his application for DIB on October 21, 2014, alleging disability beginning April 28, 2014. (Administrative Record "AR" 366-74). Plaintiff's claims were denied initially on January 16, 2015 (AR 276), and upon reconsideration on March 19, 2015 (AR 289). A hearing was held before ALJ Richard T. Breen on November 22, 2016. (AR 227-65). Plaintiff, represented by counsel, appeared and testified at the hearing, as did a vocational expert, Aida Y. Worthington. (Id.)

On January 12, 2017, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[3] (AR 17-30). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on September 11, 2018. (AR 1-7). Plaintiff then filed this action in District Court on November 7, 2018, challenging the ALJ's decision. [Docket ("Dkt.") No. 1].

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

On April 8, 2019, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 18, 19]. The parties filed a Joint Submission on July 2, 2019. [Dkt. No. 20]. The case is ready for decision.[4]

## B. **Summary of ALJ Decision After Hearing**

In the decision (AR 20-30), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[5] 20 C.F.R. § 404.1520(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since April 28, 2014, the alleged onset date. (AR 22). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) degenerative disc disease of the cervical and lumbar spine, with mild facet arthropathy of the lumbar spine; (b) mild right carpal tunnel syndrome; (c) history of left carpal tunnel syndrome; and (d) diabetes mellitus. (AR 22). At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526)." (AR 23).

---

[4] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 11, 12].

[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (citing 20 C.F.R. §404.1520).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[6] to perform light work as defined in 20 C.F.R. § 404.1567(b),[7] except:

> the claimant is limited to frequent reaching in all directions, frequent handling and fingering bilaterally, frequent postural activities, but occasional climbing of ladders, ropes or scaffolds, and occasional work at unprotected heights.

(AR 23).

At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff could not perform his past relevant work as a stock clerk. (AR 28). At **step five**, considering Plaintiff's age, education, work experience, RFC and the vocational expert's testimony, the ALJ found that there "are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform" such as order filler, retail and route delivery clerk. (AR 29). Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from April 28, 2014, through the date of the decision, January 12, 2017. (AR 30).

---

[6] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[7] "Light work" is defined as
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

1  III.     ANALYSIS

2          A. Issue on Appeal

3       Plaintiff raises one issue for review: whether the ALJ provided specific and
4  legitimate reasons to reject the treating physician's neck movement restrictions. [Dkt.
5  No. 20 (Joint Submission), at p. 4].

6          B. Standard of Review

7       A United States District Court may review the Commissioner's decision to deny
8  benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but
9  is confined to ascertaining by the record before it if the Commissioner's decision is
10 based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014)
11 (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v.
12 Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of
13 fact if they are supported by substantial evidence and if the proper legal standards were
14 applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy
15 the substantial evidence requirement "by setting out a detailed and thorough summary
16 of the facts and conflicting clinical evidence, stating his interpretation thereof, and
17 making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation
18 omitted).

19      "[T]he Commissioner's decision cannot be affirmed simply by isolating a specific
20 quantum of supporting evidence. Rather, a court must consider the record as a whole,
21 weighing both evidence that supports and evidence that detracts from the Secretary's
22 conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and
23 internal quotation marks omitted). "'Where evidence is susceptible to more than one
24 rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc.

Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Error in a social security determination is subject to harmless error analysis. Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012). Error is harmless if "it is inconsequential to the ultimate nondisability determination" or, despite the legal error, "the agency's path may reasonably be discerned." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).

### C. The ALJ Properly Evaluated The Medical Evidence

Plaintiff contends that the ALJ erred in rejecting the neck movement restrictions assessed by his treating physician, William Mouradian, M.D. Defendant argues that the ALJ gave proper weight to Dr. Mouradian's opinion.

#### 1. Standard for Weighing Medical Opinions

The ALJ must consider all medical opinion evidence. 20 C.F. R. § 404.1527(b). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). Where the treating doctor's opinion is not contradicted by another doctor, it may only be rejected for "clear and convincing" reasons. Id. (citing Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted

by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting Bayliss, 427 F.3d at 1216). In Trevizo, the Ninth Circuit addressed the factors to be considered in assessing a treating physician's opinion.

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. Id. § 404.1527(c)(2)-(6).

871 F.3d at 675.

"Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins, 466 F.3d at 882). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted); see also Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding ALJ had properly disregarded a treating physician's opinion by setting forth specific and legitimate reasons for rejecting the physician's opinion that were supported by the entire record).

As noted above, an RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1). Only the ALJ is

responsible for assessing a claimant's RFC. See 20 C.F.R. § 404.1546(c). "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing 20 C.F.R. § 404.1545).

### 2. The ALJ Gave Specific and Legitimate Reasons, Supported by Substantial Evidence

The ALJ complied with Magallanes and provided specific and legitimate reasons for rejecting the neck limitations assessed by Plaintiff's treating physician, Dr. Mouradian that are supported by the entire record. At issue is a "Medical statement regarding cervical spine disorders for Social Security disability claim" signed by Dr. Mouradian on November 18, 2016. (AR 696-97). The statement is a one-page checklist form with a "circle answers" section wherein in response to the categories "Rotate neck to right: Rotate neck to left: Elevate chin: and Bring chin to neck:", Dr. Mouradian circled "Cannot do" as his response. Based on this singular response and form, Plaintiff argues the ALJ erred in not including a neck restriction into his assessed RFC.

After a thorough review of the medical records in evidence (AR 24-26), the ALJ analyzed the medical statement of Dr. Mouradian as follows:

> On November 18, 2016, Dr. Mouradian opined the claimant could only work one hour per day, stand 15 minutes at a time, sit 15 minutes at a time, lift no weight, and never rotate his neck, elevate his chin, or bring his chin to his neck. [citing AR 696].
>
> I give little weight to this opinion because it is too restrictive when compared to the evidence in the record. The claimant walked into the hearing carrying a shopping bag with no assistive device and testified to assisting his father with oxygen and driving a substantial distance to the hearing, which is inconsistent with this restrictive opinion. (Hearing Testimony). This opinion is also inconsistent with Dr. Mouradian own findings that the claimant had normal gait, despite producing back

> pain, and with Dr. Enriquez findings that the claimant had a normal gait and station, without the need for an assistive device. [citing AR 594, 596, 598 and 510 ]. Dr. Mouradian also concluded the claimant mostly had "mechanical neck complaints," and that "radiculopathy [did] not seem to be a big part of the picture," which finding is inconsistent with his opinion in [AR 696].

(AR 27-28).

The ALJ did not entirely discount Dr. Mouradian's opinion. In fact, the ALJ noted where Dr. Mouradian's opinion was supported by other medical source opinions. Specifically, the ALJ stated that Mr. Mouradian "repeatedly opined the claimant would not be able to return to his past work" and stated that this opinion was consistent with another medical source opinion that was given great weight. (AR 27). In determining the specific limitations assessed in the RFC, however, the ALJ instead gave greater weight to the opinion of a State Agency non-examining consultant (AR 272-73) and another State Agency non-examining consultant who subsequently agreed with this opinion (AR 285-86) that Plaintiff: "was capable of lifting and/or carrying 50 pounds occasionally and 25 pounds frequently, standing and walking six hours in an eight hour day, sitting six hours in an eight hour day, frequently performing postural activities, and frequently reaching above shoulder level." (AR 28). As Dr. Mouradian's neck limitation opinion was thus contradicted by other doctors' opinions, the ALJ may have only rejected it "by providing specific and legitimate reasons that are supported by substantial evidence." See Trevizo, 871 F.3d at 675. The ALJ did so here.

To begin, it was proper for the ALJ to assess the various medical opinions, state reasons for doing so, and conclude to give greater weight to the opinions of the State Agency medical consultants than to Plaintiff's treating physician. It is the role of the ALJ, and not this Court, to interpret and resolve any ambiguities in the medical records. See Tommasetti, 533 F.3d at 1041-42 ("The ALJ is the final arbiter with respect to

resolving ambiguities in the medical evidence."); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that it is the ALJ's job to resolve any conflicts).

In addition, the ALJ set forth specific and legitimate reasons, supported by substantial evidence, for giving less weight to the neck limitation opinion of Dr. Mouradian. As set forth above, the ALJ found Dr. Mouradian's neck limitation too restrictive when compared to the evidence in the record. The ALJ first noted that although Dr. Mouradian stated that Plaintiff CANNOT rotate his neck to the right or the left, elevate his chin or bring his chin to his neck, Plaintiff did testify that he drove substantial distances, assisted with his father's oxygen treatments and carried a shopping bag into the hearing with the use of no assistive device. (AR 27). Plaintiff argues that this case should be remanded in order for the ALJ to inquire into the exact physical methods he used for driving a car and carrying for his father and whether they required the use of any neck movement. The Court disagrees. It was reasonable for the ALJ to assume that the Plaintiff could not drive for approximately 15 miles without any neck rotations or to prepare his father's oxygen without doing the same. See Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld.") (citation omitted); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.") There is no reason why this case needs to be remanded for the sole purpose of having Plaintiff state on the record the exact manner in which he holds his neck as he drives his car or cares for his father – indeed, the ALJ personally observed the manner in which Plaintiff moved his neck as he walked into the hearing without assistive device and while carrying a shopping bag. See

Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (finding it was proper for the ALJ to rely on his observations of the plaintiff at the hearing); Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985) ("inclusion of the ALJ's personal observations does not render the decision improper"); Reinertson v. Barnhart, 127 Fed. Appx. 285, 290 (9th Cir. 2005) (holding that the ALJ properly considered the plaintiff's demeanor during the hearing).

The ALJ also noted that Dr. Mouradian's opinion was inconsistent with his own medical findings of Plaintiff, as well as those of another physician, Dr. Enriquez. (AR 27-28). Both of these reasons are proper grounds for discounting Dr. Mouradian's opinion. See Bray v. Comm'r, 554 F.3d 1219, 1228 (9th Cir. 2009) (noting that the "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Connett v. Barnhart, 340 F.3d 871, 875 (9th Cir. 2003) (ALJ properly rejected treating physician's opinion where "treatment notes provide[d] no basis for the functional restrictions [physician] opined should be imposed on [claimant]"); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (discrepancy between physician's notes and other recorded observations and opinions regarding claimant's capabilities "clear and convincing reason" for rejecting physician's opinion).

The Court concludes that the ALJ provided "specific and legitimate" reasons based on substantial evidence for rejecting the neck limitation set forth in Plaintiff's treating physician's medical statement. Although Plaintiff offers alternative interpretations of the medical record, the Court is bound by the rationale set forth by the ALJ in the written decision. Ryan, 528 F.3d at 1198; see Robbins, 466 F.3d at 882 ("If

the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").

IV. **CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATE: March 16, 2020

                               /s/ Autumn D. Spaeth
                               THE HONORABLE AUTUMN D. SPAETH
                               United States Magistrate Judge